

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EMILIO FONZIE ENRIQUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0077 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Before this Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed March 6, 2007[1] by petitioner EMILIO FONZIE ENRIQUEZ, a state prisoner who was confined in the Beto I Unit in Anderson County, Texas at the time of filing. Petitioner was convicted, on December 20, 2005, of the offense of possession with intent to deliver a controlled substance out of the 222nd Judicial District Court of Deaf Smith County, Texas and sentenced to twelve (12) years incarceration. Petitioner, however, does not challenge his underlying conviction or sentence, but complains he has not received credit for pre-sentence jail time served beginning on his arrest date of March 31, 2005. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion respondent's motion should be granted and petitioner's federal writ application should be DISMISSED.

## I.
## PROCEDURAL HISTORY

On December 20, 2005, petitioner was convicted, pursuant to a guilty plea, of the offense

---

[1] Although petitioner's application was transferred twice before reaching this Court due to confusion of the county of conviction, petitioner's habeas application is deemed filed as of the date he placed his petition in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

of possession with intent to deliver a controlled substance out of the 222nd Judicial District Court of Deaf Smith County, Texas. (Exhibit "A," Respondent's Motion to Dismiss). The trial court assessed a sentence of twelve (12) years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Petitioner states he was incarcerated on March 31, 2005, the offense date, and that he bonded out September 15, 2005. Petitioner states he was returned to county custody on October 5, 2005 then released to TDCJ-CID custody on January 16, 2006. TDCJ-CID records provided by respondent reflects petitioner's sentence start date to be July 4, 2005. Petitioner claims he requested a time sheet from Deaf Smith County and such time sheet showed he should received credit for time served with a begin date of April 21, 2005. Petitioner has not submitted such document to this Court.

Petitioner claims he as filed two requests with the 222nd Judicial District Court for Deaf Smith County for flat time credit, the first in March of 2006 and the second in October of 2006. Petitioner states both were denied in January 2007.[2] On April 27, 2006 petitioner filed an application for state writ of habeas corpus. *Ex parte Enriquez*, Writ No. 65,583-01. On September 27, 2006 the Texas Court of Criminal Appeals dismissed such writ stating, "Dismissed; Applicant Seeking Pretrial Jail Time Credit." *Id*. at cover. On March 6, 2007, petitioner filed this application.

II.
MERITS

Respondent has filed a Motion to Dismiss in this case arguing petitioner has failed to present a claim upon which federal habeas may be granted. FED. R. CIV. PROC. 12(b)(6). As

---

[2]Petitioner states his second request for flat time credit was filed in October of 2006 and denied in January 2006. According to respondent, petitioner filed his request on March 1, 2006 and the classification office responded on October 11, 2006.

argued by respondent, it is the well established rule in this circuit that there is no absolute constitutional right to pre-sentence detention credit. *Jackson v. Alabama*, 530 F.2d 1231, 1237 (5th Cir. 1976). Only those persons who are incarcerated for a bailable offense, who are unable to post bail due to indigence and who thereafter receive the statutory maximum punishment for their crime are entitled to such time credit. *Id*. In the instant case, petitioner received a 12-year sentence in exchange for his guilty plea, substantially less than the potential 99-year to life sentence for first degree felonies. Texas Penal Code §12.32(a) (Vernon 2005). As such, petitioner's habeas application should be dismissed for failure to state a claim.

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss filed by respondent be GRANTED and the petition for a writ of habeas corpus filed by petitioner EMILIO FONZIE ENRIQUEZ be DISMISSED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 31st day of October 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# *<u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).